**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **i4i LIMITED PARTNERSHIP** | § § § | |
| **Plaintiff**, | § § | |
| v. | § § | CIVIL ACTION NO. 6:07-CV-113-LED |
| **MICROSOFT CORPORATION,** | § § | Jury Trial |
| **Defendant.** | § § § § § | |

**MICROSOFT CORPORATION'S ANSWER TO
i4i LIMITED PARTNERSHIP'S COMPLAINT FOR PATENT INFRINGEMENT
AND JURY DEMAND**

Microsoft Corporation ("Microsoft") respectfully submits this Answer, these Affirmative Defenses and these Counterclaims in response to the Complaint For Patent Infringement ("Complaint") of i4i Limited Partnership ("i4i") as follows and further states that anything in i4i's Complaint that is not expressly admitted is hereby denied:

**Parties**

1.  Microsoft is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 1 of the Complaint, and, on that basis, denies the same.

2.  Microsoft admits that it is a corporation organized and existing under the laws of the State of Washington and that its principal place of business is One Microsoft Way, Redmond, Washington 98052. Microsoft admits that it is qualified to do business

in Texas. Microsoft also admits it may be served with service of process by serving its registered agent, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas. Except as expressly admitted herein, Microsoft denies the remaining allegations in Paragraph 2 of the Complaint.

### Jurisdiction and Venue

3. Microsoft admits that i4i's Complaint purports to arise under the patent laws of the United States, Title 35 of the United States Code, but denies any wrongdoing or liability for the reasons stated herein. Microsoft admits that the Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, Microsoft denies the remaining allegations in Paragraph 3 of the Complaint.

4. Microsoft does not contest personal jurisdiction of this Court. To the extent not expressly admitted herein, Microsoft denies the remaining allegations of Paragraph 4.

5. Microsoft admits that venue is technically proper as to Microsoft in this District pursuant to 28 U.S.C. § 1391 and 1400(b). This case should be transferred to the Western District of Washington, however, as it is a more convenient forum. Except as expressly admitted herein, Microsoft denies the remaining allegations of Paragraph 5.

### ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,787,449

6. Microsoft refers to and incorporates herein its answers as provided in Paragraphs 1-5 above.

7. Microsoft admits that United States Patent No. 5,787,449 ("the '449 patent") on its face recites an issue date of July 28, 1998, and bears the title "Method and System for Manipulating the Architecture and the Content of a Document Separately

From Each Other," but denies it was duly or legally issued. Microsoft admits that a copy of the '449 Patent was attached to the Complaint as Exhibit A. Microsoft is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint, and, on that basis, denies the same.

8.  Microsoft admits that it makes, uses, sells, offers to sell, and/or imports Word 2003, Word 2007, NET Framework, and Windows Vista. Microsoft denies that any of its software or products use the method and apparatus allegedly claimed in the '449 Patent. Microsoft further denies that it is or has directly, indirectly, contributorily and/or by inducement, literally and/or by the doctrine of equivalents infringed willfully, or otherwise, the '449 Patent. To the extent not expressly admitted herein, Microsoft denies the remaining allegations of Paragraph 8.

9.  Microsoft denies the allegations of Paragraph 9.

10. Microsoft denies the allegations of Paragraph 10.

11. Microsoft denies the allegations of Paragraph 11.

12. Microsoft denies the allegations of Paragraph 12.

## RESPONSE TO i4i's PRAYER FOR RELIEF

13. Microsoft denies that i4i is entitled to be awarded any of the relief sought in its prayer for relief against Microsoft, its officers, directors, agents, servants, affiliates, divisions, branches, subsidiaries, employees, representatives, parents, successors, assigns, and those acting in privity or concert with Microsoft. Microsoft has not directly, indirectly, contributorily and/or by inducement, literally and/or by the doctrine of equivalents infringed willfully, or otherwise, the '449 patent. i4i is not entitled to recover statutory damages, including treble damages and supplemental damages, an

accounting, injunctive relief, costs, fees, disbursements, interest, attorneys' fees, or any other type of recovery from Microsoft. i4i is not entitled to a finding that this is an exceptional case. i4i's prayer should, therefore, be denied in its entirety and with prejudice, and i4i should take nothing therefor. Microsoft asks that judgment be entered for Microsoft and that this action be found to be an exceptional case entitling Microsoft to be awarded attorneys' fees in defending against i4i's Complaint, together with such other and further relief the Court deems appropriate.

## DEMAND FOR JURY TRIAL

14. Microsoft does not object to a trial by jury on all issues so triable.

### I. AFFIRMATIVE DEFENSES

As and for its affirmative defenses, Microsoft alleges as follows:

#### First Affirmative Defense – Failure to State A Claim

15. The Complaint fails to state a claim upon which relief can be granted because Microsoft has not performed any act and is not proposing to perform any act in violation of any rights validly belonging to i4i.

#### Second Affirmative Defense – Noninfringement

16. Microsoft does not infringe and has not infringed, either directly, indirectly, contributorily, or by inducement, any claim of the '449 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

#### Third Affirmative Defense – Patent Invalidity

17. i4i's purported claims for infringement of the '449 patent are barred because each and every claim of the '449 patent is invalid for failure to comply with the

requirements of Title 35, United States Code, including, but not limited to Sections 101, 102, 103, and/or 112.

### Fourth Affirmative Defense – Marking

18. To the best of Microsoft's current knowledge, information and belief, and because Microsoft is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, i4i is barred in whole or in part from recovering damages under 35 U.S.C. § 287.

### Fifth Affirmative Defense – Laches

19. i4i's claims for relief are barred in whole or in part, by the equitable doctrine of laches.

### Sixth Affirmative Defense – Estoppel

20. To the best of Microsoft's current knowledge, information and belief, and because Microsoft is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, the '449 patent is unenforceable by reason of estoppel.

### Seventh Affirmative Defense – Prosecution History Estoppel

21. i4i is estopped from construing the claims of the '449 patent in such a way as may cover any of Microsoft's products or processes by reasons of statements made to the United States Patent and Trademark Office ("USPTO") during the prosecution of the application that led to the issuance of the '449 patent.

### Eighth Affirmative Defense – Government Sales

22. i4i's claims for relief and prayer for damages are limited by 28 U.S.C. § 1498(a).

**Ninth Affirmative Defense - Unenforceability**

23. To the best of Microsoft's current knowledge, information and belief, and because Microsoft is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, i4i cannot enforce the patent in suit due to inequitable conduct.

**Tenth Affirmative Defense – Standing**

24. To the best of Microsoft's current knowledge, information and belief, and because Microsoft is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, i4i lacks standing to bring this action.

25. Microsoft reserves the right to assert any other basis for invalidity or unenforceability that discovery may reveal.

## II.   COUNTERCLAIMS

### Jurisdiction and Venue

Microsoft alleges in accordance with Federal Rules of Civil Procedure 13 and 20 against i4i:

26. Microsoft is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Redmond, Washington.

27. On information and belief, i4i is a limited partnership, organized and existing under the laws of the Province of Ontario, Canada, with its principal place of business at 1 First Canadian Place, Suite 2810, Toronto, Ontario, Canada M5X 1A4.

28. These Counterclaims arise under the United States patent laws, 35 U.S.C. § 101 *et seq*. These counterclaims seek declaratory relief for which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

29. To the extent that this action remains in this District, venue is appropriate because i4i has consented to the propriety of venue in this Court by filing its claim for patent infringement in this Court, in response to which this counterclaim is asserted.

**Facts Concerning the '449 Patent**

30. i4i claims to be the owner by assignment of U.S. Patent No. 5,787,449 ("the '449 patent"), entitled "Method and System for Manipulating the Architecture and the content of a Document Separately From Each other." On its face, the '449 patent states that it was filed on June 2, 1994, and issued on July 28, 1998. The '449 patent identifies the alleged inventors as Michel J. M. G. Vulpe and Stephen P. Owens.

**Count One —Declaration of Noninfringement**

31. Microsoft realleges and incorporates by reference the allegations set forth in Paragraphs 1-13 and 26-30 above as if fully set forth herein.

32. An actual and justiciable controversy exists between Microsoft and i4i with respect to the '449 patent because i4i has brought this action against Microsoft alleging that Microsoft infringes the '449 patent, which allegation Microsoft denies. Absent a declaration of noninfringement, i4i will continue to wrongfully assert the '449 patent against Microsoft, and thereby cause Microsoft irreparable injury and damage.

33. Microsoft has not infringed the '449 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise, and is entitled to a declaration to that effect.

34. This is an exceptional case entitling Microsoft to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### Count Two —Declaration of Invalidity

35. Microsoft realleges and incorporates by reference the allegations set forth in Paragraphs 1-13 and 26-34 above as if fully set forth herein.

36. An actual and justiciable controversy exists between Microsoft and i4i with respect to the validity of the '449 patent because i4i has brought this action against Microsoft alleging that Microsoft infringes the '449 patent, which allegation Microsoft denies. Absent a declaration of invalidity, i4i will continue to wrongfully assert the '449 patent against Microsoft, and thereby cause Microsoft irreparable injury and damage.

37. The '449 patent is invalid under the provisions of Title 35, United States Code, including, but not limited to Sections 101, 102, 103, and/or 112, and Microsoft is entitled to a declaration to that effect.

38. This is an exceptional case entitling Microsoft to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### Count Three —Declaration of Unenforceability

39. Microsoft realleges and incorporates by reference the allegations set forth in Paragraphs 1-13 and 26-38 above as if fully set forth herein.

40. The '449 Patent is unenforceable under the doctrine of inequitable conduct. On information and belief, prior to the issuance of the '449 Patent, one or more of the named inventors and/or others substantively involved in prosecuting the application leading to the '449 Patent were aware of material information, but withheld, concealed and/or mischaracterized that information with the intent to deceive the United States Patent and Trademark Office (PTO).

41. On information and belief, Vulpe, Owens and/or others substantively involved in prosecuting the application leading to the '449 Patent were aware of the structure, storage, manipulation, creation, modification and maintenance of a document in versions of Microsoft Word that existed prior to the filing of the application leading to the '449 Patent, including, but not limited to, the ability for such versions of Microsoft Word to read, modify, manipulate, and/or store rich text format (RTF) files.

42. On information and belief, this information was withheld from the PTO with knowledge of its materiality and with the intent to deceive, and in violation of at least 35 C.F.R. Section 1.56, and the Manual of Patent Examining Procedure §§ 2001.06(a) and 2001.06(c), rendering the '449 Patent unenforceable.

## RELIEF

WHEREFORE, Microsoft seeks the following relief:

a. That each and every claim of the '449 patent be declared not infringed;

b. That each and every claim of the '449 patent be declared invalid;

c. That each and every claim of the '449 patent be declared unenforceable;

d. That i4i take nothing by its Complaint and that i4i's Complaint be dismissed with prejudice;

e. That pursuant to 35 U.S.C. § 285 and/or other applicable laws, i4i's conduct in commencing and pursuing this action be found to render this an exceptional case and that Microsoft be awarded its attorneys' fees incurred in connection with this action;

  f. That Microsoft be awarded its cost of suit incurred herein; and

  g. That Microsoft be granted such other and additional relief as this Court deems just and proper.

### JURY DEMAND

Microsoft hereby demands a trial by jury on all issues properly triable before a jury.

Dated: May 2, 2007

        Respectfully submitted,

        /s/   David J. Healey
        David J. Healey
        Lead Attorney
        State Bar No. 09327980
        Norma N. Bennett
        State Bar No. 24028492
        WEIL, GOTSHAL & MANGES, LLP
        700 Louisiana, Suite 1600
        Houston, Texas 77002
        713-546-5000 (Telephone)
        713-224-9511 (Facsimile)
        david.healey@weil.com

        Kevin Kudlac
        State Bar No. 00790089
        WEIL, GOTSHAL & MANGES LLP
        8911 Capital of Texas Highway
        Building One, Suite 1350
        Austin, TX   78759
        512-349-1930 (Telephone)
        512-527-0798 (Facsimile)

        **ATTORNEYS FOR DEFENDANT MICROSOFT CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 2nd day of May, 2007.

/s/   Stacci H. Mahadeo
Stacci H. Mahadeo