**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **i4i LIMITED PARTNERSHIP** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 6:07-CV-113 LED** |
| **MICROSOFT CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |


**MICROSOFT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
**OF INVALIDITY OF CLAIMS 1-13 OF U.S. PATENT NO. 5,787,449**
**FOR INDEFINITENESS UNDER 35 U.S.C. § 112 ¶ 2**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................... ii

I.   INTRODUCTION AND SUMMARY OF ARGUMENT ............................... 1

II.   BACKGROUND ............................................................................................ 2

III.   STATEMENT OF THE ISSUE TO BE DECIDED........................................ 4

IV.   STATEMENT OF UNDISPUTED MATERIAL FACTS ............................... 4

V.   ARGUMENT .................................................................................................. 5

     A.   Summary Judgment of Indefiniteness Is Appropriate Where Claim Terms Lack Supporting Disclosure and Cannot Be Construed ......................................... 5

     B.   The 449 Claims Are Indefinite Because They Contain "Means-Plus-Function" Limitations Unsupported by Required Disclosure of Corresponding Structure in the Specification ......................................... 6

          1.   "Means for Providing a Menu of Metacodes to Said Metacode Storage Means" [Claim 1] ......................................... 9

          2.   The Remaining Challenged Terms ......................................... 13

VI.   CONCLUSION:  RELIEF REQUESTED.................................................... 14

## TABLE OF AUTHORITIES

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)......................................................................................5

*Atmel Corp. v. Information Storage Devices*,
    198 F.3d 1374 (Fed. Cir. 1999)...................................................................5, 7

*B. Braun Medical v. Abbott Lab.*,
    124 F.3d 1419 (Fed. Cir. 1997).......................................................................7

*Biomedino LLC v. Waters Techs. Corp.*,
    490 F.3d 946 (Fed. Cir. 2007)..................................................................12, 14

*Blackboard, Inc. v. Desire2Learn, Inc.*,
    2007 U.S. Dist. LEXIS 56680 (E.D. Tex. Aug. 3, 2007) ...................................7

*Default Proof Credit Card Sys., Inc. v. Home Depot U.S.A.*,
    412 F.3d 1291 (Fed. Cir. 2005)................................................................5, 6, 7

*Fargo Elecs., Inc. v. Iris Ltd., Inc.*,
    2005 U.S. Dist. LEXIS 34493 (D. Minn. Nov. 30, 2005) ..................................8

*Finisar Corp. v. The DirecTV Group, Inc.*,
    416 F. Supp. 2d 512 (E.D. Tex. 2006).................................................... *passim*

*Graphon Corp. v. Autotrader.com, Inc.*,
    2007 U.S. Dist. LEXIS 46941 (E.D. Tex. June 28, 2007)..................................7

*Harris Corp. v. Ericsson Inc.*,
    417 F.3d 1241 (Fed. Cir. 2005).....................................................................7, 8

*In re Donaldson Co.*,
    16 F.3d 1189 (Fed. Cir. 1994)..........................................................................6

*Lockwood v. American Airlines, Inc.*,
    107 F.3d 1565 (Fed. Cir. 1997).......................................................................5

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986)........................................................................................5

*Maurice Mitchell Innov., L.P. v. Intel Corp.*,
    2006 U.S. Dist. LEXIS 85194 (E.D. Tex. Nov. 22, 2006),
    *aff'd*, 2007 U.S. App. LEXIS 22694 (Fed. Cir. Sept. 24, 2007)................ *passim*

*Med. Instr. & Diag. Corp. v. Elekta AB*,
    344 F.3d 1205 (Fed. Cir. 2003).........................................................................7

*Medtronic, Inc. v. Advanced Cardiovascular Sys., Inc.*,
    248 F.3d 1303 (Fed. Cir. 2001).........................................................................6

*O.I. Corp. v. Tekmar Co.*,
    115 F.3d 1576 (Fed. Cir. 1997).........................................................................7

*S3 Inc. v. nVIDIA Corp.*,
    259 F.3d 1364 (Fed. Cir. 2001).........................................................................6

*Touchcom, Inc. v. Dresser, Inc.*,
    427 F. Supp. 2d 730 (E.D. Tex. 2005)...............................................................7

*WMS Gaming Inc. v. Int'l Game Tech.*,
    184 F.3d 1339 (Fed. Cir. 1999).........................................................................8

## STATUTES

35 U.S.C. § 112 ¶ 2....................................................................................1, 5, 14

35 U.S.C. § 112, ¶ 6........................................................................................1, 7

FED. R. CIV. P. 5(d)...........................................................................................16

FED. R. CIV. P. 56(c)...........................................................................................5

## I.        INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant Microsoft Corporation seeks partial summary judgment of invalidity of claims 1-13 of the 449 patent for indefiniteness.[1]  Each of these claims contains (either directly or by incorporation through dependency) a "means-plus-function" limitation that lacks the necessary supporting disclosure in the specification of corresponding structure, as required by 35 U.S.C. § 112, ¶ 6.

For all of the claim elements at issue i4i admits that § 112 ¶ 6 applies because, to use i4i's own words, "sufficient structure is not recited in the element."[2]  i4i also acknowledges, as it must, that the patentee was thus obligated to disclose structure in the specification corresponding to the claimed function.  i4i argues that the patentee met this obligation by putting boxes around the very same claim language that i4i acknowledged does not recite "sufficient structure," and putting those boxes in the patent's figures.   Indeed, the sole "structure" i4i identifies as corresponding to these means-plus-function limitations is a box drawn around the words of the limitation and a reference to those boxes in the specification.  Putting a box around a stated function is not adequate structure as a matter of law.  Indeed, if a simple box was sufficient to set forth adequate structure in a patent, then the definiteness requirement in the Patent Act would have no meaning, and means/function claims would have no limits.   The absence of such disclosure means that the scope of these claims cannot be defined, which renders them indefinite under 35 U.S.C. § 112 ¶ 2.   For this reason, partial summary judgment should be granted in Microsoft's favor.

---

[1] The 449 Patent is attached hereto as Exh. 1.

[2] See Exh. 2 at 4, 5, Exhibit A to Amended P.R. 4-3 Joint Claim Construction and Prehearing Statement (P.R. 4-3 Jt. Stmt., i4i's Proposed Constructions).

## II.      BACKGROUND

The 449 patent purports to disclose and claim a method and system for manipulating the architecture of an electronic document separately from its content.   Included within the 449 patent are ten figures purporting to help describe the invention.   These figures, however, are little more than boxes labeled with claim terms.   Figure 1, shown below, is representative:



Figures 2-10 are variations on Figure 1, and are of similar scope of disclosure (or lack thereof).

The written description of the 449 patent is no more illuminating of the system purportedly depicted in each figure.   In describing Figure 1, for example, the written description states (in full):

> Reference is now made to FIG. **1** which shows generally as **10** a system and process which make up a metacode map system.  A processing system, shown as Box **12**, generates a menu of metacodes through the instructions for providing a menu of metacodes shown as Box **14**.  It compiles the metacodes, shown as Box **16** using the means for detecting, locating, and addressing shown as Box **18**.  Finally, the processing system **12** stores the metacode map, shown as Box **20**, in primary storage means shown as Box **22**.

449 Patent at 13:17-25.   The descriptions of Figures 2-10 are just as empty, similarly characterized by merely describing each drawing in textual form without providing any actual details for the claim terms at issue in this motion.

In particular, the apparatus claims (independent claim 1 and dependent claims 2-13) each contain limitations that use the "means-plus-function" claiming convention.   Claim 1, for example, recites a "means for providing a menu of metacodes to said metacode storage means." 449 Patent at 15:41-42.   Dependent claims 2-13 each incorporate this limitation, and many of those claims add additional "means" limitations of their own.   The present motion pertains to the following six "means" limitations of claims 1-13:

- "means for providing a menu of metacodes to said metacode storage means" [claim 1];

- "means for comparing the multiplicity of metacodes in the map with a predetermined set of criteria" [claim 5];

- "means for amending the first map to produce a second map" [claim 6];

- "means for providing a multiplicity of maps in association with a mapped single content" [claim 9];

- "means for amending a plurality of maps in consequence of an amendment of mapped content" [claim 10]; and

- "means for amending a first plurality of maps to produce a second plurality of amended maps in a plurality of distinct storage means" [claim 12].

In terms of the recited functions to be performed by each of these limitations, the parties were able to agree.   However, when Microsoft turned to the 449 patent drawings and written description in search of structure corresponding to the claimed functions, it was unable to find any such disclosure.   The entirety of the purported "structure" that i4i could identify were the boxes and the text accompanying them, discussed above.   *See* Exh. 2, P.R. 4-3 Jt. Stmt., i4i's Proposed Constructions at 4, 7-10 (D.I. 75-2).

3

### III.      STATEMENT OF THE ISSUE TO BE DECIDED

The issue before the Court is whether claims 1-13 of the 449 patent are invalid for indefiniteness because they include (or depend on a claim that includes) a "means-plus-function" limitation for which no corresponding structure is disclosed in the specification.

### IV.      STATEMENT OF UNDISPUTED MATERIAL FACTS

The following material facts are undisputed:

1.      Claim 1 of the 449 patent recites a "means for providing a menu of metacodes to said metacode storage means."  449 Patent at 15:41-42.

2.      Claims 2-13 depend from claim 1, and thus incorporate all of the limitations of claim 1, including the "means for providing a menu of metacodes . . . ."  449 Patent at 15:50-16:17.

3.      Claim 5 of the 449 patent recites a "means for comparing the multiplicity of metacodes in the map with a predetermined set of criteria."  449 Patent at 15:61-62.

4.      Claim 6 of the 449 patent recites a "means for amending the first map to produce a second map."  449 Patent at 15:64.

5.      Claim 9 of the 449 patent recites a "means for providing a multiplicity of maps in association with a mapped single content."  449 Patent at 16:4-5.

6.      Claim 10 of the 449 patent recites a "means for amending a plurality of maps in consequence of an amendment of mapped content."  449 Patent at 16:7-8.

7.      Claim 12 of the 449 patent recites a "means for amending a first plurality of maps to produce a second plurality of amended maps in a plurality of distinct storage means."  449 Patent at 16:13-15.

## V.    ARGUMENT

### A.    Summary Judgment of Indefiniteness Is Appropriate Where Claim Terms Lack Supporting Disclosure and Cannot Be Construed.

Summary judgment is appropriate where there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Lockwood v. American Airlines, Inc.*, 107 F.3d 1565, 1569 (Fed. Cir. 1997).  To successfully oppose this motion, i4i must "come forward with 'specific facts showing that there is a genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting FED. R. CIV. P. 56(e)).  Indeed, i4i must come forward with sufficient evidence for the Court reasonably to find in favor of i4i.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The analysis of indefiniteness under section § 112 ¶ 2 is a question of law that is "drawn from the court's performance of its duty as the construer of patent claims."  *Default Proof Credit Card Sys., Inc. v. Home Depot U.S.A.,* 412 F.3d 1291, 1298 (Fed. Cir. 2005) (quoting *Atmel Corp. v. Information Storage Devices*, 198 F.3d 1374, 1378 (Fed. Cir. 1999)).  Where, as here, one of ordinary skill in the art would be unable to understand the scope of a patent claim, the claims are fatally indefinite, and summary judgment of invalidity is appropriate.  *See, e.g.*, *id.*; *Maurice Mitchell Innov., L.P. v. Intel Corp.*, 2006 U.S. Dist. LEXIS 85194 at *20 (E.D. Tex. Nov. 22, 2006), *aff'd*, 2007 U.S. App. LEXIS 22694 (Fed. Cir. Sept. 24, 2007).

Because determining the claimed function and the corresponding structure of means-plus-function limitations are "matters of claim construction," it is "appropriate to deal with these issues at the *Markman* stage."  *Finisar Corp. v. The DirecTV Group, Inc.*, 416 F. Supp. 2d 512, 518 (E.D. Tex. 2006).  Microsoft is therefore filing the present motion concurrently with its claim construction brief, and builds upon the arguments advanced therein.

**B.** **The 449 Claims Are Indefinite Because They Contain "Means-Plus-Function" Limitations Unsupported by Required Disclosure of Corresponding Structure in the Specification.**

The statutory requirement that claims "particularly point ... out and distinctly claim" the invention is met only when "a person experienced in the field of the invention would understand the scope of the subject matter that is patented when reading the claim in conjunction with the rest of the specification." *Default Proof,* 412 F.3d at 1298 (quoting *S3 Inc. v. nVIDIA Corp.*, 259 F.3d 1364, 1367 (Fed. Cir. 2001)). The need for the public to be able to understand the scope of the claims in light of the specification takes on particular importance when applicants choose to avail themselves of the convenience of using "means-plus-function" terminology. The use of means-plus-function language in a claim carries with it the requirement that the specification must contain an adequate disclosure showing what is meant by that language. Conversely, if the applicant fails to set forth an adequate disclosure, "the applicant has in effect failed to particularly point out and distinctly claim the invention as required by the second paragraph of section 112." *See id.* (quoting *In re Donaldson Co.*, 16 F.3d 1189, 1195 (Fed. Cir. 1994) (en banc)).

Means-plus-function limitations do not cover every possible structure for performing the recited function. Rather, their scope is limited to the corresponding structure described in the specification for performing that function. *Medtronic, Inc. v. Advanced Cardiovascular Sys., Inc.*, 248 F.3d 1303, 1311 (Fed. Cir. 2001). Accordingly, when ascertaining the scope of means-plus-function limitations, courts (and the public in general) "must turn to the written description of the patent to find the structure that corresponds to the means recited in the [limitations]." *Maurice Mitchell*, 206 U.S. Dist. LEXIS 85194, at *6. A structure disclosed in the specification qualifies as "corresponding" structure only if the specification or prosecution history "'clearly links or associates that structure to the function recited in the claim.'" *Medtronic*, 248 F.3d at

1311 (quoting *B. Braun Medical v. Abbott Lab.,* 124 F.3d 1419, 1424 (Fed. Cir. 1997)).  This

duty to link or associate structure to function "is the *quid pro quo* for the convenience of

employing § 112 ¶ 6."  *Default Proof,* 412 F.3d at 1298 (citing *O.I. Corp. v. Tekmar Co.,* 115

F.3d 1576, 1583 (Fed. Cir. 1997)).

The existence of the applicant's burden to "clearly link and associate corresponding

structure with the claimed function" also means that it is not relevant whether one of skill in the

art could create structure sufficient to perform the recited function.  *Touchcom, Inc. v. Dresser,*

*Inc.*, 427 F. Supp. 2d 730, 736 (E.D. Tex. 2005).  In other words, although patent documents are

written to be understood by those skilled in the art instead of by mere lay persons, this does not

allow the patentee to rely on the knowledge of one skilled in the art to supplant the need to

satisfy the statutory disclosure requirements for "means-plus-function" limitations.  *Maurice*

*Mitchell Innov.*, 2006 U.S. Dist. LEXIS 85194 at **11-12.   The question underlying the

definiteness inquiry for such limitations is "whether one skilled in the art would understand the

specification itself to disclose the structure, not simply whether that person would be capable of

implementing that structure."  *Med. Instr. & Diag. Corp. v. Elekta AB*, 344 F.3d 1205, 1212

(Fed. Cir. 2003).  Thus, there must be at least <u>some structure</u> disclosed in the specification; a

<u>total omission of structure</u> is fatal to a means-plus-function claim, *Default Proof*, 412 F.3d at

1298,[3] as is a specification that merely restates the function recited in the claim.  *See Harris*

*Corp. v. Ericsson Inc.*, 417 F.3d 1241, 1253-54 (Fed. Cir. 2005); *Finisar Corp.*, 416 F. Supp. 2d

at 519.

---

[3] *See also Graphon Corp. v. Autotrader.com, Inc.*, 2007 U.S. Dist. LEXIS 46941 at **25-26
(E.D. Tex. June 28, 2007) (citing *Atmel Corp. v. Info Storage Devices, Inc.*, 198 F.3d 1374, 1382
(Fed. Cir. 1999)); *see also Blackboard, Inc. v. Desire2Learn, Inc.*, 2007 U.S. Dist. LEXIS 56680
at **25-26 (E.D. Tex. Aug. 3, 2007) (declining to adopt patentee's proposed construction of
means limitation based solely on expert declaration, noting that "testimony of one of ordinary
skill in the art cannot supplant the total absence of structure from the specification").

The Federal Circuit and the Eastern District have strictly applied these requirements where (as here) the claimed function is performed by a computer or microprocessor. In such a case, the specification must disclose not merely the existence of the computer or microprocessor, but also the <u>specific algorithm</u> used to perform the function. *See, e.g.*, *Harris Corp.,* 417 F.3d at 1249 ("[T]he corresponding structure for a § 112 ¶ 6 claim for a computer-implemented function is the algorithm disclosed in the specification."); *WMS Gaming Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1349 (Fed. Cir. 1999) ("In a means-plus-function claim in which the disclosed structure is a computer, or microprocessor, programmed to carry out an algorithm, the disclosed structure is not the general purpose computer, but rather the special purpose computer programmed to perform the disclosed algorithm."). If the specification fails to define precisely each step of the algorithm, then the claim is invalid. *See WMS Gaming*, 184 F.3d at 1348; *Finisar Corp.*, 416 F. Supp. 2d at 519.

As demonstrated herein, each of the subject "means" limitations lacks the requisite disclosure of corresponding structure in the patent specification (including an algorithm for execution by the computer). Indeed, the six "means" limitations that are the subject of this motion lack any disclosure of supporting structure—either in terms of physical structure or computer algorithms.[4] This failure of disclosure dooms independent claim 1 and fatally infects all claims depending from claim 1,[5] and also separately affects several dependent claims through additional defective "means" limitations. Accordingly, claims 1-13 should be declared invalid.

---

[4] Although i4i does disclose algorithms in the specification, it is undisputed that these algorithms are not associated with the claimed function of the elements at issue and consequently not relevant corresponding structure for purposes of this motion.

[5] *Fargo Elecs., Inc. v. Iris Ltd., Inc.*, 2005 U.S. Dist. LEXIS 34493 **15-16 (D. Minn. Nov. 30, 2005) (holding that indefiniteness of independent claim fatally infected the dependent claims).

1.      **"Means for Providing a Menu of Metacodes to Said Metacode Storage Means" [Claim 1].**

The first deficient "means" limitation at issue is the "means for providing a menu of metacodes . . . " as contained in claim 1 (and, by incorporation, also in dependent claims 2-13). The structure asserted by i4i as corresponding to the claimed function (which function the parties have agreed upon) is the "software of box 14 and the software of Processing System 12 (Figures 1 and 2) that associates the menu of metacodes in box 14 with the metacode map in box 20," as well as the corresponding elements of Figure 3.  *See* Exh. 2, P.R. 4-3 Jt. Stmt., i4i's Proposed Constructions at 4.  *See also* Plaintiff's Opening Brief on Claim Construction ("i4i Brief") at 15-18.  But the 449 patent contains no disclosure of any "software," such as code or algorithms, for this limitation.  Rather, at most, the 449 patent vaguely discusses the functions that are to be performed by this means limitation.

This is apparent by reference to the figures cited by i4i.  Figure 1 (shown below) purports to disclose an embodiment of the claimed invention, including a "means for providing a menu of metacodes" (box 14):



In the figure, box 14 consists of a box labeled simply with the language of the limitation, which manifestly fails to advance the ball in terms of providing any disclosure of corresponding structure.  The corresponding portions of the specification cited by i4i (column 13, lines 17-21

9

and 32-45) likewise gain no yardage.  Both cited portions of text merely describe the simple block diagram in words (discussing the general functions performed by the boxes), while withholding any hints as to the structures that purportedly are represented by the boxes of Figures 1-3.  In describing box 14, the written description states that "[a] processing system, shown as Box **12**, generates a menu of metacodes through the instructions for providing a menu of metacodes shown as Box **14**."  449 Patent at 13:19-21.  "Software" to perform the function of this "means" limitation is not even mentioned, much less adequately disclosed.  Box 58 of Figure 3, also cited by i4i, is described in similarly opaque terms:  "As the document shown as Box **52** is read the processing system, represented by Box **56**, detects metacodes by use of means to detect metacodes represented by Box **58**."  449 Patent at 13:38-40.  In fact, this disclosure is not merely opaque, it is wrong.  Box 58 in Figure 3 is labeled the same as Box 14—namely, as a "means for providing a menu of metacodes," not as a "means for detecting metacodes":



The written description, therefore, not only fails to provide any actual disclosure of any possible corresponding structure, but in fact confuses the functions supposedly performed by the different boxes in these figures.

In arguing the absence of disclosed structure corresponding to this "means" limitation, Microsoft does not "ignore the fact" that the 449 pretends to disclose structure with the various figures and textual description of those figures. The point is that such disclosure is illusory because, in reality, all that is disclosed for each challenged "means" limitation is a box labeled with a function. As this Court has recognized, a discussion of function is not a disclosure of structure. *Maurice Mitchell Innov.*, 2006 U.S. Dist. LEXIS 85194 at **15-16 (rejecting cited passage as support for "means" limitation because, in merely describing the <u>operation</u> of the means element, it did not disclose any <u>structure</u> for that element). If this Court were to accept i4i's novel argument that a box labeled merely with the words of the "means" limitation, along with a vague discussion of the function performed within that box, is a sufficient disclosure of structure to satisfy the statutory *quid pro quo*, it would effectively vitiate the requirement of such disclosure. And absent such proper disclosure, a "means" limitation has no boundaries.



**FIGURE 1**

Faced with a similar situation, the *Finisar* court held the challenged claims to be indefinite. *Finisar Corp. v. DirecTV Group, Inc.*, 416 F. Supp. 2d 512, 519 (E.D. Tex. 2006). In that case, the patent at issue (U.S. Patent No. 5,404,505) purported to cover a system for transferring information from a database to subscribers through satellite transmission. One disputed term was a "database editing means . . . for generating . . . and embedding . . . ." The defendants challenged that term as indefinite due to the absence of a disclosed algorithm. The patentee pointed, much like i4i does now, to a conclusory discussion in the patent, which stated that "software **132** (executed by

CPU **130**) generates a hierarchical set of indices referencing all the data in the information database **112** and embeds those indices in the information database." 416 F. Supp. 2d at 519. The patentee's cited elements are illustrated graphically in the above excerpt from Figure 1 of the '505 patent. As illustrated, "software **132**" is merely a box labeled with the function to be performed by the software. The *Finisar* court immediately recognized the fact that the purported "disclosure" in the patent was "nothing more than a restatement of the function, as recited in the claim." *Id.*

Ultimately, the *Finisar* court concluded that the '505 patent's "description of the structure" was "so broad as to read on any and every means for performing the recited function," which effectively meant that "<u>no structure is disclosed</u> for performing the recited function." *Id.* (emphasis added). And the challenged claim was held to be indefinite. *Id.* The same result is warranted here. *See also Biomedino LLC v. Waters Techs. Corp.*, 490 F.3d 946, 953 (Fed. Cir. 2007) (holding that a figure with box labeled "control" and disclosure that unidentified "known" techniques could be used was insufficient structural disclosure for "control means" to satisfy § 112 ¶ 6).

i4i cannot avoid that result by supplementing the disclosure with knowledge of those skilled in the art, as i4i attempts to do in its claim construction brief at page 16. The only logical basis for importing the knowledge of those skilled in the art would be a construction of the boundaries of the claimed invention to include any and all "known" structures or software algorithms for performing the recited function—but such a construction would render the boundaries of the claim necessarily uncertain, in violation of the statutory requirement that the claims "particularly point out and distinctly claim the invention." *See Biomedino*, 490 F.3d at 953; *Finisar*, 416 F. Supp. 2d at 519. In recognition of that fact, this Court has held that knowledge of one skilled in the art may be used to buttress disclosure of structure only where the

specification discloses at least <u>some</u> structure.  *Maurice Mitchell Innov.*, 2006 U.S. Dist. LEXIS

85194 at **11-12.  Because the 449 patent lacks <u>any</u> disclosure of structure corresponding to this

means element, the claims cannot be salvaged by importing knowledge of those skilled in the art.

Thus, regardless of whether "[m]enus and the methods for providing them in software systems

were well known when the inventors filed the 449 patent," (i4i brief at 12) the 449 applicants

failed to tell the world specifically which algorithms are within the scope of their invention.

### 2.    The Remaining Challenged Terms

The remaining five challenged terms can be dealt with *en masse*, as they present common

issues and also were dealt with similarly by i4i in its claim construction briefing.  Those terms

are:

> a)      "means for comparing the multiplicity of metacodes in the map with a predetermined set of criteria" [claim 5];
>
> b)      "means for amending the first map to produce a second map" [claim 6];
>
> c)      "means for providing a multiplicity of maps in association with a mapped single content" [claim 9];
>
> d)      "means for amending a plurality of maps in consequence of an amendment of mapped content" [claim 10]; and
>
> e)      "means for amending a first plurality of maps to produce a second plurality of amended maps in a plurality of distinct storage means."  [claim 12]

In defending against Microsoft's challenge to these remaining claim terms, as it did in

connection with the "means for providing a menu of metacodes," i4i places undue weight on the

"software flow diagrams" of the 449 patent.  *See* i4i Br. at 30-33.  i4i also insists that the written

description "explains in detail" the structures shown in the figures.  *Id*. at 30.  Yet, in so doing,

i4i admits that the specification's description merely "mirrors the functional language of the

corresponding means-plus-function element."  *Id*. at 31.  The figures and textual description are

no more descriptive of the structure for these means elements than they were for the "means for providing a menu of metacodes" limitation discussed *supra*. Ultimately, all of the alleged disclosure relied upon by i4i is illusory. Indeed, i4i makes no effort in its claim construction briefing to correlate any "box" that allegedly represents any one of these "means" elements to a single identifiable structure or algorithm.

What this case boils down to is whether a <u>box</u> labeled with a means-plus-function limitation, along with a textual restatement of the function from the limitation, is a <u>disclosure of structure</u> corresponding to the claimed function. The answer is simple: it is not, and it cannot be. If i4i were correct that a patentee could satisfy its part of the bargain for using the convenience of "means-plus-function" claims by merely drawing a box around a claimed function, the scope of claims incorporating such terms could never be determined. Patentees would be free to interpret those little boxes as encompassing whatever they desired, to the limits of available technology. Fortunately, this position has already been rejected by the Federal Circuit. *See Biomedino*, 490 F.3d at 953 (holding that a figure with a box labeled "control" was insufficient structural disclosure for "control means" to satisfy section 112); *see also Finisar Corp.*, 416 F. Supp. 2d at 519. And because i4i has pointed to nothing other than the vacuous "boxes" in the flow diagrams and similarly empty textual descriptions, i4i has tacitly (and correctly) admitted that it has nothing more to offer. No material facts are in dispute. This issue is ripe for resolution and disposal as a matter of law.

## VI.   CONCLUSION:  RELIEF REQUESTED

For the foregoing reasons, Microsoft respectfully requests that the Court enter partial summary judgment of invalidity of claims 1-13 of the 449 patent for indefiniteness under 35 U.S.C. § 112 ¶ 2.

DATED:  February 7, 2008

/s/  Kevin Kudlac
David J. Healey  (Lead Attorney)
  State Bar No. 09327980
  david.healey@weil.com
**WEIL, GOTSHAL & MANGES LLP**
700 Louisiana, Suite 1600
Houston, TX  77002
Telephone:  713-546-5000
Fax:  713-224-9511

Kevin Kudlac
  State Bar No. 00790089
  kevin.kudlac@weil.com
**WEIL, GOTSHAL & MANGES LLP**
8911 Capital of Texas Highway, Suite 1350
Austin, TX  78759
Telephone:  512-349-1930
Fax:  512-527-0798

David Lender
*admitted pro hac vice*
  david.lender@weil.com
Paul Torchia
  *admitted pro hac vice*
  paul.torchia@weil.com
Lucy Muzzy
*admitted pro hac vice*
  lucy.muzzy@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 5th Avenue
New York, NY  10153
Telephone:  212-310-8000
Fax:  212-310-8007

Eric Findlay
  State Bar No. 00789886
  efindlay@rameyflock.com
**RAMEY & FLOCK**
100 East Ferguson, Suite 500
Tyler, Texas  75702
Telephone:  903-597-3301
Fax:  903-597-2413

**ATTORNEYS FOR DEFENDANT
MICROSOFT CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and accompanying exhibits were filed electronically in compliance with Local Rule CV-5(a).  As such, the foregoing documents were served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to FED. R. CIV. P. 5(d) and Local Rule 5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copies of the foregoing by certified mail, return receipt requested, on this the 7th day of February, 2008.


/s/   Debbie Skolaski
    Debbie Skolaski

16