**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **i4i Limited Partnership,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No.: 6:07-cv-113 LED |
| **Microsoft Corporation,** | ) |
| **Defendant.** | ) |

**MOTION FOR LEAVE TO SUPPLEMENT THE RECORD IN MICROSOFT'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITY OF CLAIMS 1-13 OF U.S. PATENT 5,787,449 FOR INDEFINITENESS WITH A RECENT DECISION FROM THE FEDERAL CIRCUIT COURT OF APPEALS**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Microsoft Corporation (Microsoft) and states as follows:

I.

On February 28, 2008 this Court heard oral argument on Microsoft's Motion for Partial Summary Judgment of Invalidity of Claims 1-13 of U.S. Patent 5,787,449 for Indefiniteness (hereinafter Microsoft's Motion) (Docket No. 83).

II.

On March 28, 2008 the Federal Circuit Court of Appeals handed down a significant decision that strongly supports Microsoft's motion and squarely refutes arguments that i4i made in opposition papers and at oral argument. In *Aristocrat Techs. Austl. PTY Ltd. v. Int'l Game Tech.*, 2008 U.S. App. LEXIS 6472 (Fed. Cir. 2008) the Federal Circuit affirmed the district court's ruling that claims drafted pursuant to 35

U.S.C. 112(6) were invalid because the patentee failed to disclose an algorithm corresponding to a claimed computer implemented function. (Slip Op. at 16-17).

### III.

The Court in *Aristocrat Techs.* addressed several issues that the parties to this case discussed in their summary judgment papers and at the February 28, 2008, hearing. First, the Court held that the patentee's pictoral restatement of the function in the patent specification was not sufficient to satisfy the statute. (Slip Op. at 12) ("Aristocrat has elected to claim using section 112 paragraph 6 and therefore must disclose corresponding structure. It has disclosed, at most, pictoral and mathematical ways of describing the claimed function of the game control means.").

Second, the Court also held that knowledge of one skilled in the art could not make up for absence of disclosure in the specification. (Slip Op. at 13) ("That argument, however, conflates the requirement of enablement under section 112 paragraph 1 and the requirement to disclose the structure that performs the claimed function under section 112 paragraph 6. Although the examples given in the '102 patent might enable one of ordinary skill to make and use the invention, they do not recite the particular structure that performs the function and to which the means-plus-function claim is necessarily limited").

### IV.

Microsoft hereby respectfully requests that the Court consider this opinion as part of the record in its determination of Microsoft's Motion for Partial Summary Judgment. A true and accurate copy of this opinion is attached to this motion as Exhibit A.

Dated: April 4, 2008                                          Respectfully submitted,

/s/ Eric H. Findlay
Eric H. Findlay
Texas State Bar No. 00789886
Ramey & Flock
100 East Ferguson, Suite 500
Tyler, TX  75702
(903) 597-3301
(903) 597-2413 Facsimile
efindlay@rameyflock.com

David J. Healey (Lead Attorney)
Texas State Bar No. 09327980
david.healey@weil.com
Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1600
Houston, TX  77002
(713) 546-5000
(713) 224-9511 Facsimile

Kevin Kudlac
Texas State Bar No. 00790089
kevin.kudlac@weil.com
Weil, Gotshal & Manges LLP
8911 Capital of Texas Highway
Suite 1350
Austin, TX  78759
(512) 349-1930
(512) 527-0798 Facsimile

David Lender, admitted *pro hac vice*
david.lender@weil.com
Paul Torchia, admitted *pro hac vice*
paul.torchia@weil.com
Lucy Muzzy, admitted *pro hac vice*
lucy.muzzy@weil.com
Weil, Gotshall & Manges LLP
767 5th Avenue
New York, NY  10153
(212) 310-8000
(212) 310-8007 Facsimile

                                                                           **ATTORNEYS FOR**
                                                                           **DEFENDANT MICROSOFT**
                                                                           **CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2008, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

                                                                         /s/ Eric H. Findlay
                                                                         Eric H. Findlay

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h) and (i), counsel for Microsoft represents that the personal conferences required by this rule have been conducted. On April 3, 2008, Counsel for Micorsoft, Paul Torchia, conferred with counsel for i4i, Gordon White, via telephone. During this telephonic conference, i4i indicated that it would not consent to the filing of this motion. i4i requested that Microsoft include the following statement in the certificate of conference:

> i4i does not oppose this motion to the extent Microsoft seeks to inform the Court of a recent decision from the Federal Circuit, but i4i does oppose any further briefing of Microsoft's Partial Summary Judgment Motion in light of that case. i4i intends to file a responsive brief to any such arguments.

Therefore, the parties believe that they are at an impasse, leaving an issue open for the Court to resolve.

                                                                         /s/ Eric H. Findlay
                                                                         Eric H. Findlay