IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| i4i LIMITED PARTNERSHIP § | |
| § | |
| Plaintiff § | |
| § | |
| vs. § | CASE NO.  6:07CV113 |
| § | PATENT CASE |
| MICROSOFT CORPORATION § | |
| § | |
| Defendant § | |

# ORDER

As stated at the pretrial hearing on April 28, 2009, the Court **DENIES** Microsoft's Motion to Strike Untimely "Supplemental" Reports of Rhyne and Gilbane (Docket No. 184), **DENIES** i4i's Motion for Partial Summary Judgment on Microsoft's Affirmative Defenses of Laches and Equitable Estoppel (Docket No. 190), **DENIES** i4i's Motion to Strike Portions of Expert Report of Microsoft's Invalidity Expert, Stephen Gray, That Are Based on Uncorroborated Testimony (Docket No. 191), **DENIES** Microsoft's Daubert Motion and Motion to Strike the Dec. 8, 2008 Expert Report of Frank Gilbane (Docket No. 192), **DENIES** Microsoft's Daubert Motion and Motion to Strike Portions of Reports of V. Thomas Rhyne and Irving Rappaport as to Opinions on Microsoft's Alleged "Intent" Underlying Allegations of Inducement and Willfulness (Docket No. 193), **DENIES** Microsoft's Daubert Motion and Motion to Strike Survey Evidence and Report of William E. Wecker and Corresponding Portions of Reports and Testimony by Michael Wagner (Docket No. 194), **DENIES** Microsoft's Motion to Exclude Testimony of Michael J. Wagner (Docket No. 195), **DENIES** i4i's Motion for Partial Summary Judgment that the '449 Patent is not Invalid Based on Purported Sale in U.S. of a Software Product Named Waterloo Rita in 1989 (Docket No. 198), **DENIES** Microsoft's

Motion for Leave to Supplement Rebuttal Expert Report of George Gerstman on Willful Infringement in Light of Recent Grant of Reexamination (Docket No. 200), **DENIES** Microsoft's Motion to Strike Improper "Second Supplemental Report" of Dr. Rhyne and Supplement Report of Dr. Martin (Docket No. 266), **DENIES** Microsoft's Motion for Partial Summary Judgment on Contributory Infringement (Docket No. 269), and **GRANTS** Microsoft's Motion for Application or Modification of the Protective Order to Allow Disclosure of Two Confidential i4i Documents to i4i Ex-Employee Scott Young (Docket No. 290).  The Court **DENIES** i4i's Motion to Strike Portions of Expert Report of Microsoft's Noninfringement Expert, Stephen Gray, and Damages Expert, Keith Ugone, Regarding Alternative Non-Infringing Designs (Docket No. 188).  i4i may take a four-hour deposition of Mr. Little by May 5, 2009 and may supplement Dr. Rhyne's report within 48 hours of the deposition.

The Court **DENIES** in part, **GRANTS** in part, and **CARRIES** in part the parties' motions in limine (Docket Nos. 270 and 274).  The Court **ORDERS** the parties to meet and confer on any motion in limine not ruled on at the April 28 hearing and notify the Court of any issues that need to be resolved by May 4, 2009.  If the parties cannot resolve all the issues, the Court will hear them at 1:30 p.m. on May 7, 2009.

The Court **ORDERS** the parties to meet and confer and submit proposed Findings of Fact and Conclusions of Law for all bench trial issues before the trial begins.  The Court **ORDERS** the parties to meet and confer and submit a list of Bench-trial issues to be decided in question form, much like a verdict form.  The Court **ORDERS** the parties to meet and confer on the Court's Charge and submit a proposed Charge to the Court by noon on May 6, 2009.  The parties shall file the proposed Findings of Fact and Conclusions of Law, list of Bench-trial issues, and proposed Charge and shall email them in WordPerfect to Andrea_Houston@txed.uscourts.gov.

The Court **ORDERS** i4i to submit a brief distinguishing the cases Microsoft cited regarding i4i's motion in limine number 5 by noon on Thursday, April 30.  Microsoft may file a reply brief no later than 5 p.m. on Friday, May 1.

The Court **ORDERS** Microsoft to file its brief on the claim scope of "metacode map distinct storage means" by noon on Thursday, April 30.  i4i may file a reply brief no later than 5 p.m. on Friday, May 1.  If the Court requires oral arguments, the Court will hear them on May 7, 2009 at 1:30.

Finally, the Court will allow the parties 30 minutes for voir dire, 45 minutes for opening statements, 15 hours for direct and cross examinations, and 60 minutes for closing arguments.  The 15 hours includes issues that are tried to the Bench.

**So ORDERED and SIGNED this 29th day of April, 2009.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**