IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **i4i LIMITED PARTNERSHIP and INFRASTRUCTURES FOR INFORMATION, INC.,** | § § § § | |
| Plaintiffs | § § | CASE NO. 6:07CV113 PATENT CASE |
| vs. | § § | |
| **MICROSOFT CORPORATION,** | § § | |
| Defendant | § | |

**SUPPLEMENTAL CLAIM CONSTRUCTION OPINION**

After a claim construction hearing, the Court previously construed "metacode map distinct storage means," "metacode storage means," and "distinct map storage means" as "a portion of memory for storing a metacode map." The Court also previously construed "mapped content distinct storage means" and "mapped content storage means" as "a portion of memory for storing mapped content." At the time, the parties disputed whether distinct storage requires storage in a separate file. In resolving that dispute, the Court stated

> In total, the statements, in light of the specification, require the claimed computer system or method to differentiate between the stored metacode map and mapped content. In such a situation, different processes and users could edit the metacode map and mapped content independently and without access to both the metacode map and mapped content. Whether the computer system or method requires the metacode map and mapped content to be stored in separate files depends on a computer's operating system and how a program interfaces with the operating system to access and store data.

Memorandum Opinion and Order, Docket No. 111 at 16. The parties now dispute whether the ability to edit the metacode map and mapped content independently is a claim limitation. Both parties contend the Court previously ruled in their favor on this issue. Microsoft moves the Court

to affirm and clarify its previous constructions by construing the "distinct map storage means" terms to mean "a portion of memory for storing a metacode map, wherein the metacode map may be edited independently and without access to the mapped content." Similarly, Microsoft moves the Court to clarify its construction of the "mapped content storage means" terms by adding "wherein the mapped content may be edited independently and without access to the metacode map" to the Court's original construction.

Microsoft's current proposed construction is nearly identical to its construction that the Court rejected during the claim construction process. At claim construction, Microsoft argued the terms were governed by 35 U.S.C. §112, ¶6 and the function included the limitation that the "metacode map [mapped content] can be edited directly without having access to the mapped content [a corresponding metacode map]." At claim construction, the Court recognized the ability to "edit the metacode map and mapped content independently and without access to both the metacope map and mapped content" is a benefit of differentiating between the stored metacode map and mapped content, but in not adopting this limitation in its construction of the terms, the Court rejected it. Microsoft's expert now relies on that acknowledged benefit to bolster Microsoft's non-infringement position. The Court's language—"could edit"—was clearly permissive and did not imply a claim limitation. While the Court often does resolve claim scope disputes in its opinion that may not be reflected in the actual construction, the Court's opinion must be read as a whole and taking a single statement out of context is not appropriate.

The invention described in the '449 patent is "based on the practice of separating encoding conventions from the content of a document. . . . the metacodes of the document are separated from the content and held in distinct storage in a structure called a metacode map, whereas document

2

content is held in a mapped content area." Col. 4:4–10. "Thus, these structures completely replace the concept of a document which combines content with embedded codes." Col. 4:21–22.

The invention described in the '449 patent has "a number of benefits over documents combining content with embedded codes. Most of the benefits flow from the fact that the invention recognizes the separateness of content and structure." Col. 6:18–21. One benefit is that the same content may be used for multiple purposes without having to create multiple documents or edit multiple documents when the content changes. Col. 6:26–35, 40–43, 60–67–7:5. Other benefits are the ability to work solely on metacodes or solely on content. Col. 7:6–14, 17–20. The invention also allows for efficient storage of multiple versions because multiple copies of encoded documents do not need to be stored. Col. 7:26–40. Additionally, the invention allows document operations to be more efficient. Col. 7:41–49. The patent goes on to describe other benefits of the invention as well. Col. 7:50–65.

Microsoft focuses on one benefit of the invention and contends that benefit should be a claim limitation. Had the inventors intended that the ability to manipulate the content and structure be a limitation, they could have drafted the claims expressly requiring that limitation. They did not. Further, Microsoft's proposed limitation is belied by Figure 9 and Column 14:64–15:5, which describe reading changes to the mapped content to update the related metacode maps.

Accordingly, the Court again rejects Microsoft's proposed construction. The ability to edit content and structure separately is not a claim limitation. As stated at the May 7, 2009 hearing, the Court leaves its original construction unchanged.

**So ORDERED and SIGNED this 7th day of May, 2009.**



**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**