IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **i4i LIMITED PARTNERSHIP and INFRASTRUCTURES FOR INFORMATION, INC.,** | § § § § | |
| | § | CIVIL ACTION |
| Plaintiff, | § | NO. 6:07-CV-113-LED |
| | § § | JURY TRIAL |
| vs. | § § | |
| **MICROSOFT CORPORATION,** | § § § | |
| Defendant. | § | |

PLAINTIFFS' EMERGENCY MOTION TO CLARIFY
THE AGREED PROTECTIVE ORDER (DKT. NO. 26)

i

**TABLE OF CONTENTS**

I.  INTRODUCTION ...................................................................................................................2

II. BACKGROUND .....................................................................................................................3

III. ARGUMENT..........................................................................................................................6

    A. There Is No Risk of Disclosure of Microsoft's Confidential Information. ..................................................................................................................6

    B. Courts Routinely Grant Patentees' Requests to Allow Their Litigation Counsel to Participate in Reexamination Proceedings. ...................................................................................................................7

IV. CONCLUSION.......................................................................................................................9

ii

# TABLE OF EXHIBITS

Attachment 1: Declaration of Gretchen K. Harting

    Exhibit A: 08/07/07 Agreed Protective Order

    Exhibit B: 07/13/09 Letter from J. Carter to K. Kudlac

    Exhibit C: 07/22/09 Email from K. Kudlac to J. Carter

    Exhibit D: 07/27/09 Letter from J. Carter to K. Kudlac

    Exhibit E: 07/31/09 Letter from J. Carter to K. Kudlac

    Exhibit F: 08/04/09 Email from T. Patterson to J. Carter

    Exhibit G: 08/31/09 Email from J. Carter to K. Kudlac

    Exhibit H: 09/02/09 Email from T. Patterson to J. Carter

    Exhibit I: 09/03/09 Email from J. Carter to T. Patterson

    Exhibit J: 09/03/09 Email from T. Patterson to J. Carter

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Crystal Image Tech., Inc. v. Mitsubishi Elec. Corp.*,
    No. 08-307, 2009 U.S. Dist. LEXIS 32972 (W.D. Pa. Apr. 17, 2009)......................7

*Document Generation Corp. v. Allscripts, LLC*,
    No. 6:08-CV-470, 2009 U.S. Dist. LEXIS 52874 (E.D. Tex. June 23, 2009)...........7

*Hochstein v. Microsoft Corp.*,
    No. 04-73071, 2008 U.S. Dist. LEXIS 72750 (E.D. Mich. Sept. 24, 2008)..........7, 8

*Kenexa BrassRing Inc. v. Taleo Corp.*,
    No. 07-521-SLR, 2009 U.S. Dist. LEXIS 12002................................................7, 8

*MicroUnity Sys. Eng'g, Inc. v. Dell, Inc.*,
    No. 2:04-CV-120, Dkt. No. 156 (E.D. Tex. Aug. 17, 2005) ......................................8

*Pall Corp. v. Entegris, Inc.*,
    No. 05-CV-5894, 2008 U.S. Dist. LEXIS 96682 (E.D.N.Y. Nov. 26, 2008)............8

*Visto Corp. v. Seven Networks, Inc.*,
    No. 2:03-CV-333-TJW, 2006 U.S. Dist. LEXIS 91453 (E.D. Tex. Dec. 19, 2006) .................8

*Wi-Lan, Inc. v. Acer, Inc.*,
    Nos. 2:07-CV-473, 2:07-CV-474 (TJW), 2009 U.S. Dist. LEXIS 53918 (E.D. Tex.
    June 23, 2009)...........................................................................................................6

Microsoft has taken the position that the Agreed Protective Order prohibits (i) i4i's litigation counsel, McKool Smith P.C. ("McKool Smith"), and i4i's technical expert, Dr. Thomas Rhyne, from participating in the September 9, 2009 interview with the United States Patent and Trademark ("PTO") Examiners in connection with the pending reexamination of United States Patent No. 5,787, 449 ("the '449 Patent"); and (ii) Dr. Rhyne from submitting a declaration to the PTO in connection with that reexamination.  Microsoft is wrong.

- Such reexamination participation is not forbidden under the Agreed Protective Order, as neither McKool Smith nor Dr. Rhyne will participate, "directly or indirectly, in the drafting, preparation, or amending of any patent claim[.]"  (Ex. A (08/07/07 Agreed Protective Order) at ¶ 20 pp. 11-12 (emphasis in original));

- Both Gordon White and Dr. Rhyne are signatories to the Agreed Protective Order and, as such, have agreed to not disclose the confidential information of Microsoft at any time, whether to reexamination counsel, the PTO, or otherwise; and

- Relevant case law supports the conclusion that the Protective Order does not extend to such reexamination participation.

Plaintiffs i4i Limited Partnership and Infrastructures for Information, Inc. (collectively, "i4i"), therefore, respectfully move the Court for an order clarifying the Agreed Protective Order (Dkt. No. 26), holding that McKool Smith and Dr. Rhyne may assist in the reexamination of the '449 Patent, including (a) McKool Smith and Dr. Rhyne attending and participating in any interviews with the PTO examiner, (b) Dr. Rhyne submitting one or more declarations on behalf of i4i to the PTO, and (c) McKool Smith and Dr. Rhyne assisting reexamination counsel in responding to any other actions and decisions of the PTO during the reexamination process and any appeals related thereto.

Austin 51976v8

i4i seeks emergency relief given that the interview with the PTO Examiners, in which i4i seeks to have McKool Smith and Dr. Rhyne participate, takes place on September 9, 2009. Accordingly, i4i requests that the Court rule on this Motion on an expedited basis. In support of its Motion, i4i shows the Court the following:

## I.     INTRODUCTION

On August 7, 2007, the Court entered the Agreed Protective Order governing the litigation between i4i and Defendant Microsoft Corporation ("Microsoft"). The Agreed Protective Order contains a Prosecution Bar, which provides:

> Any document designated as **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION**, and all Source Code, is automatically designated as subject to a **PROSECUTION BAR**. Any person who receives a document designated subject to a **PROSECUTION BAR** may not participate, directly or indirectly, in the drafting, preparation, or amending of any patent claim on behalf of any party to this action relating to any method, system, or apparatus for the manipulation, either separately or jointly, of document architecture and/or content from the time of receipt of such information through and including one (1) year following the entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action. In addition, any person subject to the **PROSECUTION BAR** provided by this Paragraph may not have any substantive involvement on behalf of any party, in the drafting, preparation, or amending of any patent claim filed in or with, or claiming priority to any application filed, relating to the method, system, or apparatus for the manipulation, either separately or jointly, of document architecture and/or content, prior to one (1) year following the entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action.

(Ex. A at ¶ 20 pp. 11-12 (emphasis in original)). The Agreed Protective Order, thus, precludes individuals from receiving protected documents from "participat[ing], directly or indirectly, in the drafting, preparation, or amending of any patent claim[.]" (*Id.*) Accordingly, the reexamination assistance in which i4i seeks McKool Smith and Dr. Rhyne to engage falls outside

that prohibited conduct. Moreover, McKool Smith and Dr. Rhyne have each agreed that they/he will not assist in the drafting of any claims nor comment on any drafted claims and will not rely on, disclose, or discuss, any Microsoft confidential or highly confidential information while assisting in the reexamination. More pointedly, each agrees that it will not disclose any Microsoft confidential or highly confidential information to the PTO.

## II.    BACKGROUND

- On November 21, 2008, Microsoft filed a request for *ex parte* reexamination of the '449 patent, which the PTO granted on January 23, 2009. While i4i retained reexamination counsel, i4i also desired that McKool Smith and i4i's technical expert, Dr. Tom Rhyne, assist its reexamination counsel, given the fact that McKool Smith and Dr. Rhyne spent a great deal of time during the litigation analyzing the '449 patent, the underlying technology, the prior art, and related materials.

- Under i4i's reading of the Agreed Protective Order and the Prosecution Bar contained therein, i4i believed it could participate in the reexamination and still comply with the provisions of the Agreed Protective Order by not disseminating any Microsoft confidential information through such participation. In an abundance of caution, however, on July 13, 2009, i4i sought to reach agreement with Microsoft to allow McKool Smith to participate in the reexamination. (Ex. B (07/13/09 Letter from J. Carter to K. Kudlac)).

- On July 22, 2009, Microsoft agreed to i4i's proposal regarding McKool Smith's participation. (Ex. C (07/22/09 Email from K. Kudlac to J. Carter)).

3

- On July 27, 2009, i4i sent a letter seeking permission for its technical expert, Dr. Rhyne, to participate in the reexamination under the same terms that apply to McKool Smith's litigation counsel. (Ex. D (07/27/09 Letter from J. Carter to K. Kudlac)).

- On July 31, 2009, pursuant to i4i's and Microsoft's agreement, i4i sent a letter seeking permission for certain documents McKool Smith sought to disclose to i4i's reexamination counsel. (Ex. E (07/31/09 Letter from J. Carter to K. Kudlac)).

- On August 4, 2009, Microsoft consented to Dr. Rhyne's participation in the reexamination of the '449 Patent and consented to the disclosure of the materials described in the July 31, 2009 letter. (Ex. F (08/04/09 Email from T. Patterson to J. Carter)).

- On August 31, 2009, pursuant to i4i's and Microsoft's agreement, i4i sent correspondence indicating that:

  Reexamination counsel has indicated that it wants:
  1. Dr. Rhyne to provide the PTO with a declaration addressing the prior art and the '449 patent,
  2. Dr. Rhyne to participate in the interview with the PTO, and
  3. Gordon White to attend the interview to answer questions the PTO may have about the trial.

  (Ex. G (08/31/09 Email from J. Carter to K. Kudlac)).

- On September 2, 2009, in response to i4i's August 31, 2009 correspondence, Microsoft stated that:

  Participation of i4i's trial counsel and trial expert in the pending reexamination, as i4i now proposes, would be problematic under the Agreed Protective Order with respect to protecting Microsoft's confidential information.

4

> Therefore, to ensure that Microsoft's confidential information is protected and in the interest of cooperation, Microsoft would be willing to agree to participation by McKool Smith and Dr. Rhyne in the interview if i4i will agree to either of two compromises: (1) record the interview and provide a transcript thereof to Microsoft; or (2) allow a Microsoft representative (e.g. Kevin Kudlac) to attend the interview. The Microsoft representative would remain silent in the interview unless a problem regarding Microsoft's confidential information arises.

(Ex. H (09/02/09 Email from T. Patterson to J. Carter)).

- On September 3, 2009, in response to Microsoft's September 2, 2009 correspondence, i4i requested that Microsoft reconsider its position, given the following facts:

> The interview will focus on the Rita and DeRose prior art cited by Microsoft and the '449 patent, all of which is public and none of which is related to Microsoft's confidential information. In addition, Dr. Rhyne and Gordon White have each agreed not to disclose the confidential information of Microsoft at any time, whether to reexamination counsel, the PTO, or otherwise. Again, at the interview, Dr. Rhyne will address the Rita and DeRose prior art and the '449 patent while Gordon White will address the trial proceedings. These are not areas where Microsoft's confidential information should come-up, but even if a question from the PTO were to venture into subject matter involving Microsoft's confidential information, both Dr. Rhyne and Gordon White understand their non-disclosure obligations and will honor them.

(Ex. I (09/03/09 Email from J. Carter to T. Patterson)).

- On September 3, 2009, Microsoft responded to i4i's Email, stating that "Microsoft does not agree that Dr. Rhyne and Mr. White may participate absent the compromise that we have proposed, due to the high risk of violation of the agreed protective order. Therefore, if you want them to participate without our proposals that are designed to ensure compliance, you will need to go to the Court."

(Ex. J (09/03/09 Email from T. Patterson to J. Carter)).

5

The parties have, thus, reached an impasse. The following supports i4i's position that the Agreed Protective Order does not prohibit the reexamination participation in which i4i seeks McKool Smith and Dr. Rhyne to engage.

## III.   ARGUMENT

### A.   There Is No Risk of Disclosure of Microsoft's Confidential Information.

The prosecution bar, such as the one in paragraph 20 of the Agreed Protective Order entered in this case (Ex. A at ¶ 20 pp. 11-12), ensures that those individuals who have access to highly sensitive information do not use that information, even inadvertently, when prosecuting patents. *Wi-Lan, Inc. v. Acer, Inc.*, Nos. 2:07-CV-473, 2:07-CV-474 (TJW), 2009 U.S. Dist. LEXIS 53918, at *15 (E.D. Tex. June 23, 2009) (citing *U.S. Steel Corp. v. United States*, 730 F. 2d 1465, 1468 (Fed. Cir. 1984)).

McKool Smith's and Dr. Rhyne's participation in the reexamination of the '449 patent, as enumerated above, would pose no risk of disclosure of Microsoft's confidential information. The PTO rejected the claims based on public prior art—the DeRose patent and Rita publications. McKool Smith and Dr. Rhyne understand their obligations under the Agreed Protective Order and the agreements with Microsoft (i) not to assist in the drafting of any claims nor comment on any drafted claims and (ii) not to rely on, disclose, or discuss, any Microsoft confidential or highly confidential information to i4i, reexamination counsel, the PTO, or anyone else, and each will honor those obligations. Moreover, before sending any materials to reexamination counsel, McKool Smith provided those materials to Microsoft and redacted all Microsoft confidential and highly confidential information. And, McKool Smith has agreed to continue that procedure with Microsoft. Microsoft's confidential information will serve no role in McKool Smith's assistance of i4i's reexamination counsel and attendance and participation in the interview with the PTO examiner, and there is no risk of disclosure of Microsoft's confidential information.

### B.      Courts Routinely Grant Patentees' Requests to Allow Their Litigation Counsel to Participate in Reexamination Proceedings.

In November 2008, Microsoft requested that the PTO reexamine the '449 patent. Microsoft now seeks to hamstring i4i's efforts to respond to the PTO's non-final rejection by opposing i4i's request that McKool Smith and Dr. Rhyne engage in the reexamination assistance enumerated above. Unlike i4i's reexamination counsel, McKool Smith and Dr. Rhyne have had over two years to gain expertise regarding the patent, underlying technology, and prior art. Prohibiting the most knowledgeable people on the issues presented in the reexamination from participating in the proceeding is highly prejudicial, especially in light of the fact that the participation of McKool Smith and Dr. Rhyne would not create a risk of the disclosure of Microsoft's confidential information.

It is precisely these facts that have led other courts to grant patentees' requests to allow their litigation counsel to participate in reexamination proceedings. *See Document Generation Corp. v. Allscripts, LLC*, No. 6:08-CV-470, 2009 U.S. Dist. LEXIS 52874, at *3, 8 (E.D. Tex. June 23, 2009) (finding that the proposed protective order did not need to prohibit the patentee's litigation counsel from participating in reexamination proceedings, given the prohibition in reexamination against the amendment of claims that would enlarge the scope of the patent); *Crystal Image Tech., Inc. v. Mitsubishi Elec. Corp.*, No. 08-307, 2009 U.S. Dist. LEXIS 32972, at *9 (W.D. Pa. Apr. 17, 2009) (finding that it would allow the plaintiff's litigation counsel to participate in the reexamination if it was the opposing party that initiated the reexamination, and if litigation counsel accepted an express legal obligation not to rely on confidential information supplied by the opposing party); *Kenexa BrassRing Inc. v. Taleo Corp.*, No. 07-521-SLR, 2009 U.S. Dist. LEXIS 12002, at *5, 5 n.1, 6 (D. Del. Feb. 18, 2009) (finding that the prosecution bar did not extend to reexamination proceedings); *Hochstein v.*

*Microsoft Corp.*, No. 04-73071, 2008 U.S. Dist. LEXIS 72750, at *10, 11 (E.D. Mich. Sept. 24, 2008) (finding good cause for allowing participation in the reexamination); *Pall Corp. v. Entegris, Inc.*, No. 05-CV-5894, 2008 U.S. Dist. LEXIS 96682, at *24 (E.D.N.Y. Nov. 26, 2008) (finding that the prosecution bar did not extend to reexamination proceedings).[1]

The factors courts have found compelling in allowing outside counsel and experts to participate in reexamination proceedings[2] are present in this case: (i) Microsoft initiated the reexamination proceedings and, thus, those proceedings are part and parcel of the litigation; (ii) Microsoft's confidential information is not relevant to the reexamination proceedings; (iii) McKool Smith and Dr. Rhyne have knowledge necessary to help reexamination counsel respond to the PTO; (iv) McKool Smith's participation would lessen the financial burden on i4i; and (v) the reexamination was part of Microsoft's litigation and trial strategy**.**

---

[1] *But cf. Visto Corp. v. Seven Networks, Inc.,* No. 2:03-CV-333-TJW, 2006 U.S. Dist. LEXIS 91453, at *22 (E.D. Tex. Dec. 19, 2006) and *MicroUnity Sys. Eng'g, Inc. v. Dell, Inc.*, No. 2:04-CV-120, Dkt. No. 156 (E.D. Tex. Aug. 17, 2005) (finding that the protective orders barred the patentees' litigation counsel from participating in the reexamination proceedings).

[2] *Hochstein*, 2008 U.S. Dist. LEXIS 72750, at *10, 11 (finding good cause for allowing participation because the reexamination involved only matters of public record, Microsoft's confidential information was not relevant to the proceedings, litigation counsel had knowledge necessary to help reexamination counsel respond to the PTO, litigation counsel participation would lessen the financial burden on the patent holder, and the reexamination was part of Microsoft's litigation strategy); *Pall*, 2008 U.S. Dist. LEXIS 96682, at *12, 14, 19, 20 (finding that the prosecution bar did not extend to reexamination proceedings given (i) the little risk of litigation counsel misusing confidential information within the reexamination procedure given that sections 305 and 314 of the patent statute expressly curtail the scope of the reexamination, (ii) that the prosecution bar contained no express reexamination prohibition; thus, it was the defendant that "must establish a compelling need to expand the Protective Order"; and (iii) that the confidential information would be irrelevant, as the reexamination proceeding only implicates matters in the public record—the patent and prior art); *Kenexa BrassRing*, 2009 U.S. Dist. LEXIS 12002, at *5, 5 n.1, 6 (finding that the prosecution bar did not extend to the reexamination because (i) "[t]he scope of the claims cannot be enlarged by amendment in reexamination"; (ii) the "reexamination involves only the patent and the prior art, defendant's confidential information is basically irrelevant to the reexamination"; and (iii)"defendant filed the request for an inter partes reexamination of one of plaintiff's patents-in-suit, the reexamination is part and parcel of the instant case").

## IV.   CONCLUSION

Given that the reexamination assistance in which i4i seeks McKool Smith and Dr. Rhyne to engage does not fall within the conduct prohibited by the Agreed Protective Order, i4i respectfully requests that the Court order that McKool Smith and Dr. Rhyne may assist in the reexamination of the '449 Patent, including (i) McKool Smith and Dr. Rhyne attending and participating in any interviews with the PTO examiner, (ii) Dr. Rhyne submitting one or more declarations on behalf of i4i to the PTO, and (iii) McKool Smith and Dr. Rhyne assisting reexamination counsel in responding to any other actions and decisions of the PTO during the reexamination process and any appeals related thereto.

DATED: September 3, 2009                    Respectfully submitted,

**McKool Smith P.C.**

    */s/     Sam Baxter*
Sam Baxter
Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
**McKool Smith P.C.**
P.O. Box O
104 E. Houston Street, Ste. 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Mike McKool, Jr.
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Jeffrey A. Carter
Texas State Bar No. 03919400
jcarter@mckoolsmith.com
Jill F. Lynch
Texas State Bar No. 24012946
jlynch@mckoolsmith.com
Thomas G. Fasone III
Texas State Bar No. 00785382
tfasone@mckoolsmith.com
**McKool Smith P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

T. Gordon White
Texas State Bar No. 21333000
gwhite@mckoolsmith.com
Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
John B. Campbell
Texas State Bar No. 24036314
jcampbell@mckoolsmith.com
Gretchen K. Harting
Texas State Bar No. 24055979
gharting@mckoolsmith.com
**McKool Smith P.C.**
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

Robert M. Parker
Texas State Bar No. 15498000
rmparker@pbatyler.com
**Parker, Bunt & Ainsworth, P.C.**
100 E. Ferguson Street, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687

T. John Ward
Texas Bar No. 00794818
**Ward & Smith Law Firm**
111 W. Tyler Street
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR PLAINTIFFS i4i LIMITED PARTNERSHIP AND INFRASTRUCTURES FOR INFORMATION INC.**

**CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the forgoing document via the Court's CM/ECF system pursuant to the Court's Local Rules this 3rd day of September, 2009.

                                                  /s/   *Jeffrey A. Carter*
                                                        Jeffrey A. Carter


**CERTIFICATE OF CONFERENCE**

      I hereby certify that counsel for i4i and Microsoft met and conferred regarding the relief requested in this Motion. Microsoft is opposed to (i) McKool Smith and Dr. Rhyne participating in the upcoming interview with the PTO Examiners in connection with the pending reexamination of the '449 Patent; and (ii) Dr. Rhyne submitting a declaration to the PTO in connection with that reexamination.

                                                  /s/   *Jeffrey A. Carter*
                                                        Jeffrey A. Carter