IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| i4i LIMITED PARTNERSHIP and INFRASTRUCTURES FOR INFORMATION, INC., | § § § § | |
| | § | CIVIL ACTION |
| Plaintiff, | § | NO. 6:07-CV-113-LED |
| | § § | JURY TRIAL |
| vs. | § § | |
| MICROSOFT CORPORATION, | § § § | |
| Defendant. | § | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR EMERGENCY MOTION
TO CLARIFY THE AGREED PROTECTIVE ORDER (DKT. NO. 421)**

i

i4i Limited Partnership and Infrastructures for Information Inc. ("i4i") file this Reply in support of their Motion to Clarify the Agreed Protective Order and would show as follows:

## I.     ARGUMENT

Microsoft's Response is based on the faulty premise that the Agreed Protective Order "specifically prohibits i4i's litigation counsel and its litigation expert from participating in the reexamination of the '449 patent[.]" (Microsoft's Resp. at 2). It is under this faulty premise that Microsoft spends the lion's share of its briefing focusing on i4i's "fail[ure] to show good cause." (*Id.* at 5–7). Yet, the Agreed Protective Order is silent with respect to participation in reexamination proceedings, and it is Microsoft that bears the burden of showing good cause to extend the prosecution bar to participation in reexamination proceedings. *See Mirror Worlds, LLC v. Apple, Inc.*, No. 6:08-CV-88, 2009 U.S. Dist. LEXIS 70092, at *4 (E.D. Tex. Aug. 11, 2009) (J. Davis) ("Apple, as the party seeking to limit discovery, bears the burden of showing good cause.") (citing *Document Generation Corp. v. Allscripts, LLC*, 2009 U.S. Dist. LEXIS 52874, at *2 (E.D. Tex. June 23, 2009) (Love, Mag. J.) (citing *In re Terra Int'l, Inc.*, 134 F.3d 302, 305 (5th Cir. 1998))).

Microsoft also takes the position that a "reexamination is undeniably part of 'prosecution' of a patent." (Microsoft's Resp. at 3). However, as the Court recently recognized, "[c]laims can only be narrowed during reexamination; they cannot be broadened. This is very different from patent prosecution where claim scope is being initially determined." *Mirror Worlds*, 2009 U.S. Dist. LEXIS 70092, at *5.

Microsoft then clings to the holdings in *Visto Corp. v. Seven Networks, Inc.,* No. 2:03-CV-333-TJW, 2006 U.S. Dist. LEXIS 91453, at *22 (E.D. Tex. Dec. 19, 2006) and *MicroUnity Sys. Eng'g, Inc. v. Dell, Inc.*, No. 2:04-CV-120, Dkt. No. 156 (E.D. Tex. Aug. 17, 2005)— holdings that took place several years ago. At the same time, however, Microsoft barely

1

mentions the Court's holding in *Mirror Worlds*—a holding from a mere few weeks ago that squarely addresses the issues presented in the case at bar. (Microsoft's Resp. at 3–4). In *Mirror Worlds*, the Court found persuasive the *Document Generation* court's articulation of the safeguards afforded defendants "against inadvertent misuse of the defendants' information during reexamination: that plaintiff's outside counsel would not prosecute the reexamination, that plaintiff's counsel would not reveal defendants' confidential information to any reexamination counsel or agent, and that plaintiff's outside counsel may not use defendants' confidential information for any purpose other than the litigation." 2009 U.S. Dist. LEXIS 70092, at *5. i4i believes such safeguards articulated in the *Document Generation* case and cited by the Court in *Mirror Worlds* are inherently provided for in the Agreed Protective Order. To the extent they are not, i4i would stipulate to their inclusion in the Agreed Protective Order. The Court in *Mirror Worlds* found that "[w]hile it is within a defendant's right to seek reexamination, the Court has serious concerns about a policy that would encourage defendants to file for reexamination while excluding plaintiff's counsel from participating in the reexamination, thereby forcing a plaintiff to defend a patent in two separate venues with two teams of attorneys." *Id.* at *6.

Microsoft's citation to the unpublished holding in *Grayzel v. St. Jude Med., Inc.*, 162 Fed. Appx. 954 (Fed. Cir. 2005) is likewise of no consequence, bearing facts that are clearly distinguishable from those presented in the case at bar. (Microsoft's Resp. at 4). In *Grayzel*, after the defendant had identified a number of prior art references that had not been presented to the PTO, the patentee, Joseph Grayzel, filed a request for reexamination of its patent and sought to stay the litigation. *Id.* at 957. *Grayzel* stands for the unremarkable position that the patentee could not learn confidential information during litigation, put his own patent into reexamination,

2

and then have his attorney use that confidential information during the reexamination. The Court ruled that the attorney was "plainly precluded from using any of the Confidential Information he acquired through [the] litigation in any proceeding outside of the litigation, such as the ongoing reexamination proceeding. *Id.* at 966. Even if this case were on all fours, which it is not, McKool Smith and Dr. Rhyne had already agreed that they will not use any Microsoft confidential information in the reexamination proceeding.

Finally, and most important, Microsoft's confidential information does not come into play, even inadvertently. As Microsoft admits, "The decision to reject the claims was made by the PTO on the basis of publicly available prior art, **without considering Microsoft products or confidential information."** (Microsoft's Resp. at 8 (emphasis added)). Likewise, the upcoming interview and Dr. Rhyne's declaration address the publicly available prior art without any need to address or consider Microsoft's products and confidential information. McKool Smith and Dr. Rhyne are providing technical information regarding the publicly available prior art; both have already agreed not to comment on any proposed claim language, that includes with the PTO.[1] The participation McKool Smith and Dr. Rhyne seek is to show that Rita and DeRose neither anticipate nor render obvious the '449 patent. The interview and the declaration do not involve Word 5 or 6, Microsoft's source code, or any other Microsoft confidential information. Microsoft's attempt to inject itself back into the ex parte reexamination proceedings, despite the fact that it no longer has a role in such proceedings, based on a speculative fear that its confidential information will be used in these circumstances, is misplaced.

---

[1] i4i has retained reexamination counsel, who will deal with any discussions regarding proposed claim language.

3

## II.     CONCLUSION

i4i respectfully requests that the Court, subject to the safeguards provided in the Agreed Protective Order and by the stipulation above, order that McKool Smith and Dr. Rhyne may assist i4i's reexamination counsel, including (i) McKool Smith and Dr. Rhyne attending and participating in any interviews with the PTO examiner, (ii) Dr. Rhyne submitting one or more declarations on behalf of i4i to the PTO, and (iii) McKool Smith and Dr. Rhyne assisting reexamination counsel in responding to any other actions and decisions of the PTO during the reexamination process and any appeals related thereto.

DATED: September 8, 2009        Respectfully submitted,

**McKool Smith P.C.**

  */s/      Sam Baxter*
Sam Baxter
Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
**McKool Smith P.C.**
P.O. Box O
104 E. Houston Street, Ste. 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Mike McKool, Jr.
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Jeffrey A. Carter
Texas State Bar No. 03919400
jcarter@mckoolsmith.com
Jill F. Lynch
Texas State Bar No. 24012946
jlynch@mckoolsmith.com
Thomas G. Fasone III
Texas State Bar No. 00785382
tfasone@mckoolsmith.com
**McKool Smith P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

5

T. Gordon White
Texas State Bar No. 21333000
gwhite@mckoolsmith.com
Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
John B. Campbell
Texas State Bar No. 24036314
jcampbell@mckoolsmith.com
Gretchen K. Harting
Texas State Bar No. 24055979
gharting@mckoolsmith.com
**McKool Smith P.C.**
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

Robert M. Parker
Texas State Bar No. 15498000
rmparker@pbatyler.com
**Parker, Bunt & Ainsworth, P.C.**
100 E. Ferguson Street, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687

T. John Ward
Texas Bar No. 00794818
**Ward & Smith Law Firm**
111 W. Tyler Street
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR PLAINTIFFS i4i LIMITED PARTNERSHIP AND INFRASTRUCTURES FOR INFORMATION INC.**

6

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the forgoing document via the Court's CM/ECF system pursuant to the Court's Local Rules this 8th day of September, 2009.

                                            /s/    *Jeffrey A. Carter*
                                                 Jeffrey A. Carter